475 P.2d 319

Kenneth BALIZER and Arthur Bazan, a minor, by his next friend Isauro Bazan, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,

v.

Paul W. SHAVER, Chief of Police of the City of Albuquerque, New Mexico, Frank Horan, City Attorney of the City of Albuquerque, New Mexico, Richard B. Wilson, City Manager of the City of Albuquerque, New Mexico, Pete V. Domenici, Harry Kinney, Charles E. Barnhart, Word H. Payne and Louis E. Saavadra, Members of the City Commission of the City of Albuquerque, New Mexico, the City of Albuquerque, a Municipal Corporation, Raymond Stucker and William Hadaway, Defendants-Appellees.

No. 9001.

Supreme Court of New Mexico.

Oct. 9, 1970.

Paul A. Phillips, Albuquerque, for plaintiffs-appellants.

Lynn D. Smith, Jr., Frank M. Mims, Albuquerque, for defendants-appellees.

Rodey, Dickason, Sloan, Akin & Robb, John P. Burton, Albuquerque, for William Hadaway.

OPINION

PER CURIAM.

After this action had been submitted on oral arguments to this court, and without comment on the point by counsel for the parties, we discovered a jurisdictional problem.

Section 16–7–8, N.M.S.A., 1953 Comp. (1969 Supp.) states in part:

"The appellate jurisdiction of the court of appeals is coextensive with the state, and the court has jurisdiction to review on appeal:

"A. any civil action which includes a count in which one or more of the parties seeks damages on an issue based on tort, including but not limited to products liability actions;"

Here the appeal is from a dismissal of the complaint for failure to state a cause of action. The first count of the complaint is for a declaratory judgment and injunctive relief prohibiting the enforcement of portions of a city ordinance, alleging their unconstitutionality. The second and third counts, however, are for damages for false arrest, a tort action.

The complaint was filed on February 11, 1969. Section 16–7–8(A), supra, became effective on March 1, 1966 (ch. 28, N.M.S.L.1966).

Jurisdiction in this matter having been given to the Court of Appeals, the appeal should have been docketed there, and, therefore, pursuant to § 16–7–10, N.M.S.A., 1953 Comp. (1969 Supp.), we direct the transfer of this case to that court.

It is so ordered.

TACKETT, WATSON. and ·SISK, JJ., concur.