## 54

475 P.2d 320

Matias L. CHACON, as Administrator of the Estate of Henry C. Salazar, Sr., Deceased, Plaintiff-Appellant,

v.

MOUNTAIN STATES MUTUAL CASUALTY COMPANY, Defendant-Appellee.

No. 9032.

Supreme Court of New Mexico.

Oct. 9, 1970.

Chavez & Roberts, Santa Fe, for plaintiff-appellant.

Jones, Gallegos, Snead & Wertheim, B. D. Barberousse, Santa Fe, for defendant-appellee.

### OPINION

PER CURIAM.

An appeal has been taken from a summary judgment granted defendant-appellee, in an action brought to recover $122,750.00 compensatory damages and $122,750.00 punitive damages. The action was brought by the administrator against his decedent's insurer with whom decedent had an insurance policy which provided for the payment of up to $5,000.00 for damages suffered by the insured as a result of injuries received through the fault of an uninsured motorist.

The complaint alleges that the actions of the insurer, the appellee here, in moving to dismiss the insured's suit against the uninsured motorist was done in bad faith and was done willfully, maliciously, and without due regard for the consequences; and that this bad faith was the proximate cause of the compensatory damage above indicated. We believe the action sounds in tort.

Appellant does not use the word "tort," and we have been unable to find any cases directly in point. The vast majority of the cases, however, where judgments in excess of the policy limits have gone against insurance companies for their *bad faith* in defending or in refusing to settle have been held to be tort actions, while few have been on the basis of an implied contract. See Comment, 34 N.Y.U.L.Rev. 783 (1959).

Section 16–7–8, N.M.S.A., 1953 Comp. (1969 Supp.), states in part:

"The appellate jurisdiction of the court of appeals is coextensive with the state, and the court has jurisdiction to review on appeal:

"A. any civil action which includes a count in which one or more of the parties seeks damages on an issue based on tort, including but not limited to products liability actions;"

For the determination of jurisdiction on this appeal, we believe that this civil action "includes a count in which one * * * seeks damages on an issue based on tort * * *."

Thus, as in Balizer v. Shaver, 81 N.M. 53, 475 P.2d 319 (1970), we direct the transfer of this case to the Court of Appeals.

It is so ordered.

TACKETT, WATSON and SISK, JJ., concur.